**Federal Defenders**
OF NEW YORK, INC.

Appeals Bureau
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392
www.federaldefendersny.org

---

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

November 21, 2023

**BY ACMS**

Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

    **Re:    United States v. Ethan Melzer,
           Docket No. 23-6247**

Dear Ms. Wolfe:

    I respectfully submit this letter, pursuant to Fed. R. App. P. 28(j), to bring to the Court's attention the decision, earlier this month, in United States v. Lajeunesse, 85 F.4th 679 (2d Cir. 2023), as support for Mr. Melzer's argument that the appeal waiver in the case should not be enforced.

    The Court in Lajeunesse explained: "The nub of the appeal waiver analysis is 'the nature of the right at issue and whether the sentence "was reached in a manner that the plea agreement did not anticipate."'" Id. at 693 (citations omitted). There, the district court deprived the defendant of the right to speak at sentencing. Although this right is "not [] constitutional," it is "a weighty one" with "important public policy implications." Id. at 694. Also, a judge's "fail[ing] to invite the defendant to speak" is "likely a rarity," meaning it's "unlikely to be the type of error that one would anticipate in drafting an appellate waiver." Id. at 694-95. Consequently, "we do not think Lajeunesse's plea agreement can reasonably be construed as anticipating a sentencing proceeding that omitted allocution. We decline to enforce the appeal waiver." Id. at 695.

    Here, Appellant argues that the record permits an inference that the district court's sentence may have been influenced by its consideration of Appellant's antipathy toward certain religious values. The sentencing court noted that Appellant opposed "Judeo Christian values," and it indicated that it viewed

those values as "good for civilization." <u>See</u> Document No. 23.1 (opposition to motion to dismiss, dated October 16, 2023), at 4-5, 6-7, 10-11. The issue of whether a court's consideration of a person's religious views adversely influenced the sentencing decision, is a "weighty one" with "important public policy implications." <u>See</u> <u>Lajeunesse</u>, 85 F.4th at 694. This kind of error is also a "rarity." <u>Id.</u> at 694. The Court, thus, should decline to enforce the appeal waiver in this case.

                                              Respectfully submitted,

                                              /s/
                                          **DARRELL FIELDS**
                                          Assistant Federal Defender
                                          Tel.: (212) 417-8742
                                          Email: darrell_fields@fd.org

DF/av

cc:    Matthew J.C. Hellman, Esq.
        Assistant United States Attorney
        Southern District of New York
        (By ACMS)